IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY K. EASTERBROOK,<br><br>                Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration;<br><br>                Defendant. | **4:09CV3239**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Kimberly K. Easterbrook's ("plaintiff") motions for attorney fees, Filing Nos. 30 and 33, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2012). The court previously entered an order and judgment reversing the Administrative Law Judge ("ALJ") and found the plaintiff eligible for disability benefits. Filing Nos. 25 and 26. Thereafter, plaintiff filed the motion and amended motion for attorney fees with accompanying exhibits. Filing Nos. 30 and 33.

      Plaintiff originally requested compensation for 44.80 hours of attorney time and used the Consumer Price Index to calculate the hourly rate of $175.00 for work performed in 2010 and the hourly rate of $181.25 for work performed in 2011. Filing Nos. 32 and 33. Plaintiff subsequently requested an additional 1.3 hours of attorney time for preparation of the reply to defendant's objection to plaintiff's application for fees, for a total request of 46.10 hours. Filing No. 35. In addition, plaintiff requested recovery of paralegal and law clerk time based on 9.95 hours of legal work at a rate of $30.00 per hour for paralegal #1, 5.05 hours of legal work at a rate of $15.00 per hour for paralegal #2, 3.50 hours of legal work at a rate of $25.00 per hour for paralegal #3, and 10.73 hours of legal work at a rate of $30.00 per hour for a law clerk. Filing No. 33. The

plaintiff further asks the court to direct that payment of such relief be made to the attorney, not the plaintiff, unless the defendant shows that plaintiff has a valid outstanding debt as to which plaintiff has received due process. Filing No. 33.

The defendant has no objection to the award of EAJA fees, but defendant does object to both the amount of the award and the request that the EAJA award be payable to plaintiff's attorney. Filing No. 34. The defendant argues that the amount of the award should be reduced because plaintiff was not fully successful in her claim, and even if plaintiff were considered to be entirely successful in her claim, the hours spent on the attempt to reopen the case were unreasonable. Filing No. 34. The defendant further contends that the time spent by the plaintiff to argue what she believes was an internal inconsistency of the ALJ opinion was unreasonable. Filing No. 34.

The court finds the plaintiff is entitled to an award pursuant to 42 U.S.C. § 405(g) as a prevailing party in this action. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The court further finds that the attorney fees should be slightly reduced. The court finds that the 1.3 hours of attorney time requested for preparation of a brief to reply to the government's objection to the amount of the attorney fee award is not reasonable. The government was successful in this regard, and thus the court will decrease the award by 1.3 hours.

The court also finds that the attorney fees should be further reduced because plaintiff was not totally successful in her claim. When a plaintiff achieves partial success in litigation, awarding fees for the hours spent on the whole litigation may be excessive. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). This court agreed with the ALJ that the prior case should not be reopened. Filing No. 25. Plaintiff did not achieve success in

reopening the case, and therefore the court will reduce the attorney fees for time spent on this specific issue.

This court is not bound to a specific formula in calculating the number of hours to be reduced. *Hensley*, 461 U.S. at 436. The Itemization of Time Spent provided by the plaintiff indicates that time spent on the reopening issue was intertwined with preparation of other issues in this case. With the exception of 1.95 hours spent by the law clerk on research of the reopening issue, it is not possible to determine the exact hours spent on this issue. Therefore, the court finds that it is equitable to reduce attorney hours to 40.8 hours and law clerk hours to 8.78 hours.

The court need not further address the reasonableness of the hours spent on the reopening issue as the court has now removed these hours from the plaintiff's request. The court finds that the hours spent by the plaintiff to prepare the internal inconsistency of the ALJ opinion argument for plaintiff's motion and reply brief were reasonable.

The defendant has not raised an objection to the attorney hourly amount or reliance on the Consumer Price Index. The defendant has not raised an objection to the paralegal and law clerk hourly amounts or hours spent. Accordingly, in conjunction with the above findings, the court finds the plaintiff is entitled to $7,898.46.[1] Payment in the amount of $7,898.46 shall be paid directly to attorney Stephen Speicher with the

---

[1] The court's calculation of this amount is as follows:
Total Paralegal Fees: [(9.95 hours) x ($30.00 per hour)] + [(5.05 hours) x ($25.00 per hour)] + [(3.50 hours) x ($15.00 per hour)] = [($298.50) + ($126.25) + ($52.50)] = $477.25
Total Law Clerk Fees: (8.78 hours) x ($30.00 per hour) = $263.40
Total Attorney Fees: [(37.95 hours) x ($175.00 per hour)] + [(2.85 hours) x ($181.25 per hour)] = [$6,641.25] + [$516.56]= $7,157.81
Total Fees: $477.25 + $263.40 + $7,157.81 = $7,898.46

understanding that any payment of the attorney fees will be reduced by any qualifying offset.[2]

IT IS ORDERED that plaintiff's motions for payment of attorney fees, Filing Nos. 30 and 33, are granted. Payment in the amount of $7,898.46, minus any authorized deductions, shall be paid directly to attorney Stephen Speicher as set forth herein.[3]

Dated this 22nd day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

[2] The government states: "Defendant notes that Plaintiff has signed a fee agreement assigning any fee to which he may be entitled under the EAJA to Plaintiff's attorney. Accordingly, after this Court issues an order awarding an EAJA fee to Plaintiff, Defendant will verify with the Department of Treasury whether Plaintiff in fact owes a debt to the United States that is subject to offset. If there is no debt owed by Plaintiff, the fee will be made payable to his attorney based on the assignment." Brief of the United States, Filing No. 34 at 6, n. 5.

[3] The plaintiff acknowledges that: "It is understood that if any payment of an attorney's fee from Plaintiff's past-due benefits pursuant to 42 U.S.C. 406(b) is authorized by the Court and actually received by counsel, and if a separate attorney's fee is awarded pursuant to the current Application and actually received by counsel, then counsel will pay over to Plaintiff the smaller of the two fees so authorized and received." Application of plaintiff, Filing No. 35 at 6.